On the Merits.
BREAUX, O. J.
The necessity vel non for the appointment of an attorney for absent heirs presents the first question for decision. The other question relates to the amount of the fee in case it is held that there was ground for the appointment.
The succession in which the attorney was appointed was opened, and the will of the de eujus, Mrs. Elizabeth Meyer, -was probated by the court.
In accordance with the court’s order, an inventory was.made and the executors qualified.
The order for the inventory is dated September 10, 1906, and the inventory shows a total amount of assets to be $109,985.68.
There are four heirs.
The learned judge of the district court states that, his attention having been called to the existence of an absent heir by a notice in the newspapers, also by reputable members of the bar, and that this absent heir was not represented, on his own motion he had an order entered appointing an attorney for absent heirs, who entered upon the discharge of his duties and was present at the taking of the inventory.
The order making this appointment was dated two days after the inventory had been ordered to be taken.
It appears that the attorney for absent heirs devoted between eight and nine hours of his time in order to be present at the taking of the inventory. If he performed any other duty than that of being present at this inventory, the record does not disclose the fact.
First, we are to determine whether there was any necessity for this appointment, and, in the alternative, the amount of fee to which the attorney for absent heirs is entitled, in case there was ground for his appointment.
This attorney, for absent heirs claimed $1,500 for his services.
The judge of the district court reduced the amount to $1,000.
Was the appointment of the attorney for absent heirs legal? is the first question before us for decision.
The article of the Code (Rev. Civ. Code 1870, art. 1210) makes it the duty of the judge by whom the taking of the inventory was ordered to appoint a counsel for absent heirs.
The succession in this instance comes within the law’s requirement in that respect.
Should the judge have taken steps to inform himself of the fact that the heirs were not represented by counsel?
We do not think that he can be held to an extraordinary degree of diligence in this respect. It happened that the record did not give him information in regard to the absent heir. Had the record informed him of the fact that the heir absent was represented there would not have been the least ground for the appointment. In the absence of all information upon the subject, it fell within the power of the judge to appoint.
The language of the Code is imperative:
“It is the duty of the judge.” Rev. Civ. Code 1879, art. 1210.
If it be the wish of the executor or other legal representative of the succession, in ease the absentee is represented by counsel, to prevent the appointment by the court of an attorney, it is advisable and proper to call attention to the fact that an attorney represents the heir absent. The court is not to infer that an attorney has the authority to represent an absent heir.
*67 AVhen the court acts, thinking that no attorney was authorized; and it subsequently becomes known that the heir absent is represented by counsel, the appointment will have to stand as a legal appointment at its origin, and to continue until recalled and the appointee discharged.
AVe agree with learned counsel that there is no law requiring counsel to absent heirs to be appointed where an heir or legatee is represented, and further agree with him that before he can represent an heir or legatee in a succession he must show satisfactorily that he is appointed.
Here it does not appear that there was evidence at the time before the court of the appointment, either oral or in writing.
It being decided that the order of appointment was legal, we come next to the question of the amount of a fee which should be allowed to the attorney for absent heirs.
In view of the limited services required and which were rendered, the amount will have to be considerably reduced.
Not a long time after the inventory had been made the heir appeared in court and asked for the discharge of the curator for absent heirs. In consequence there was very little service rendered by the attorney for the absent heir, and all he did was to be present a short time while the inventory was taken. Beyond the presence of the attorney of absent heirs at the taking of the inventory, there was no service rendered. His mere presence at the taking of the inventory •was the most ordinary service which an attorney can render in discharge of the duties and functions of his profession. There was certainly no skill required, or learning, or the least exertion. The mere presence was all-sufficient.
A number of attorneys testified as witnesses.
The weight of the testimony justifies, as we think, the reduction which we have concluded to make.
After having considered the matter,- our conclusion is that $100 is compensation enough for the services rendered.
Right here we desire to state one of - the reasons why we do not think the amount should be larger is because the appellee did not ask for an amendment of the judgment in so far as relates to the legatee. The judgment in so far as relates to the appellee cannot, in consequence, be increased so as to charge an amount to be deducted from the small sum which goes to the legatee.
From that point of view, there is no necessity of passing upon the question whether the attorney for absent heirs is entitled to any fee at all from the sum which goes to the legatee.
It is therefore ordered, adjudged, and decreed that the judgment in favor of Robert J. Maloney, plaintiff in reconvention, and against the defendants in reconvention, James Turner and Edith Watkins, for the sum of $1,000 and interest, be amended by reducing that amount to $100 and interest on the last-stated amount from the date of judgment.
As amended, the judgment is affirmed, at appellee’s cost.